# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY B. JACKSON,**
**Claimant Below, Petitioner**

**vs.)     No. 13-0549** (BOR Appeal No. 2047976)
              (Claim No. 930010458)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AMBULATORY FOOT SPECIALIST, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty B. Jackson, by Stephen P. New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 21, 2012, decision denying Ms. Jackson's request for Neurontin, Flexeril, Motrin, Zantac, Lidoderm Patches, and urine drug screening. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jackson worked as an office manager for Ambulatory Foot Specialist, Inc. On September 4, 1992, Ms. Jackson tripped and fell down the stairs. The claims administrator held her claim compensable for a sprain of the right shoulder, left knee, and lumbar spine. Several years after the date of her injury, Ms. Jackson came under the care of Sai P. Gutti, M.D., who found that she continued to have low back pain which he believed was related to the compensable injury. On December 14, 2010, Jerry W. Scott, M.D., performed an independent medical evaluation on Ms. Jackson. He found that her compensable conditions were superimposed on a degenerative lumbar spine disease which had progressed since the date of her injury. Dr. Scott found that Ms. Jackson had reached her maximum degree of medical improvement related to her compensable shoulder, knee, and lumbar sprains. He further determined that there was a strong causal connection between Ms. Jackson's current complaints and her non-compensable conditions, including scoliosis and degenerative lumbar disease. Dr. Gutti then submitted an authorization request for Neurontin, Flexeril, Motrin, Zantac, Lidoderm Patches, and urine drug screening. On August 21, 2012, the claims administrator denied Dr. Gutti's request based on Dr. Scott's evaluation. Dr. Gutti then submitted a report in which he diagnosed Ms. Jackson with lumbar degenerative disc disease and right S1 radiculopathy. Dr. Gutti stated that he prescribed Neurontin for neuropathic pain, Flexeril for muscle spasm, Motrin for inflammation, Zantac for upset stomach, and Lidoderm Patches for neuropathic pain. He further stated that the urine drug screening was required for pain management treatment. On December 13, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 26, 2013, leading Ms. Jackson to appeal.

The Office of Judges concluded that the requested medications and treatment were for non-compensable diagnoses and therefore, were not medically related and reasonably required to treat Ms. Jackson's compensable injury. The Office of Judges found that the evidence in the record did not relate the specific requested medications to any of the compensable conditions of the claim. The Office of Judges determined that the report of Dr. Gutti showed that the medications were requested to treat Ms. Jackson's sacrolillitis, lumbar degenerative disc disease, and S1 radiculopathy, which were not compensable conditions of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Jackson has not demonstrated that Neurontin, Flexeril, Motrin, Zantac, Lidoderm Patches, and urine drug screening are medically related and reasonably required to treat her compensable September 4, 1992, injury. The evaluation of Dr. Scott demonstrates that Ms. Jackson has reached her maximum degree of medical improvement with respect to the compensable conditions that resulted from her injury. Dr. Scott further shows that Ms. Jackson does not need any further treatment or maintenance care in relation to her compensable injury. The opinion of Dr. Gutti does not establish a sufficient connection between Ms. Jackson's current complaints and her compensable twenty-year old injury to justify authorizing the requested medications. The evidence in the record indicates that the requested medications are needed to treat Ms. Jackson's degenerative and non-compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II